UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALENE LEE INGRAHAM, | No.  2:12-cv-0851 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

    This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

    On October 27, 2009, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act ("the Act"), and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on October 15, 2009. (Transcript ("Tr.") at 144-53.)  Plaintiff's application was denied initially and upon reconsideration.  (Id. at 66-70, 75-80.)  Thereafter, plaintiff requested a hearing and a hearing was

held before an Administrative Law Judge ("ALJ") on June 15, 2011. (Id. at 31-61.) Plaintiff was represented by counsel and testified at the administrative hearing. In a decision issued on July 21, 2011, the ALJ found that plaintiff was not disabled. (Id. at 23.)

The ALJ entered the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since October 15, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: mild cervical degenerative disc disease, radiculopathy or neuropathy of the right upper extremity, diabetes mellitus, depression and tobacco abuse (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: the claimant is able to lift/carry 10 pounds occasionally and 5 pounds frequently. She is able to stand, walk and/or sit for 6 hours in an 8-hour day. The claimant is limited to frequent handling. She is able to perform semi-skilled work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on June 11, 1957 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d)).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 13-23.)

On February 8, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 3, 2012.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

3

> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff argues that the ALJ committed the following three principal errors: (1) the ALJ erred with respect to his treatment of the medical opinion evidence; (2) the ALJ improperly rejected plaintiff's own testimony concerning her subjective symptoms; and (3) the ALJ's finding that plaintiff had transferable skills was not supported by substantial evidence. (Pl.'s MSJ (Doc. No. 15) at 19-35.[1])

**I.   Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in rejecting the opinion of her treating physician. (Pl.'s MSJ (Doc. No. 15) at 20-24.) In this regard, on June 14, 2011, Dr. David Smith completed a Medical Assessment of Ability To Do Work Related Activities (Mental) form. (Tr. at 550.) Therein, Dr. Smith stated that he had been treating plaintiff, principally for major depression and post-traumatic stress disorder, monthly for "2-3 years." (Id.) In terms of limitations stemming from those conditions, Dr. Smith opined that plaintiff was, in relevant part, markedly limited in her ability to understand, remember, and carry out detailed, complex job instructions and in her ability in understand, remember, and carry out simple instructions. (Id. at 551.) Dr. Smith also opined that plaintiff was moderately limited in her ability to maintain her personal appearance, behave in an emotionally stable manner, and relate predictably in social

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   situations. (Id. at 552.) Dr. Smith believed that plaintiff's symptoms were likely to increase in a

2   competitive work environment, that plaintiff was incapable of tolerating even low work stress and

3   would be absent from work more than three times a month. (Id.)

4           The ALJ afforded Dr. Smith's opinion "less weight," stating:

> This assessment is given less weight.  First of all, the course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor reported.  The claimant has received conservative treatment and has significant gaps where she required no mental health treatment at all (Ex. C14F, C18F and C20F).  Secondly, the doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive.  Although the claimant has temporary exacerbations with her mental impairment, the record as a whole supports the claimant is able to perform semi-skilled work.  In fact, the claimant's testimony indicated significant mental capabilities (Hearing Testimony, 6/15/2011).

12   (Tr. at 21.)

13           However, as noted above, Dr. Smith was plaintiff's treating physician.

14   Accordingly, his opinion was entitled to considerable weight. The weight to be given to medical

15   opinions in Social Security disability cases depends in part on whether the opinions are proffered

16   by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v.

17   Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to

18   the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."

19   Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater

20   opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v.

21   Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's uncontradicted opinion

22   may be rejected only for clear and convincing reasons, while a treating physician's opinion that is

23   controverted by another doctor may be rejected only for specific and legitimate reasons supported

24   by substantial evidence in the record. Lester, 81 F.3d at 830-31.

25           Here, one of the reasons offered by the ALJ for rejecting treating physician Dr.

26   Smith's opinion was the ALJ's assertion that the course of plaintiff's treatment pursued by Dr.

27   Smith was not consistent with what one would expect if plaintiff were disabled. (Tr. at 21.)

28   Specifically, the ALJ found Dr. Smith's treatment of plaintiff to have been "conservative." (Id.)

The court finds this purported reason for giving the treating physician's opinion "less weight" to be vague and conclusory.

In this regard, it is unclear to the court why the ALJ found Dr. Smith's treatment of plaintiff's depression and post-traumatic stress disorder to be "conservative" in nature. Plaintiff's medical records show that Dr. Smith treated plaintiff's mental impairments with medication and that on multiple occasions Dr. Smith changed plaintiff's prescribed medication because plaintiff had difficulty tolerating the medication. (Tr. at 471-76, 533-37.)  Moreover, Dr. Smith's June 2011, opinion reported that in seeking treatment for her conditions, plaintiff had "been seeing a therapist since '96." (Id. at 550.)

The other reason offered by the ALJ in support of his decision to reject treating physician Dr. Smith's opinion was the ALJ's assertion that Dr. Smith's opinion was without substantial support from the other evidence in the record.  However,

> [t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988).  See also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Finally, the court notes that Dr. Smith's June 2011 opinion was the most recent medical opinion addressing plaintiff's mental functioning.  "A treating physician's most recent medical reports are highly probative." Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment in her favor with respect to her claim that the ALJ erred in rejecting the opinion of plaintiff's treating physician without a legitimate basis for doing so.

/////

CONCLUSION[2]

With error established, the court has the discretion to remand or reverse and award benefits.[3] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, this matter must be remanded so that the ALJ can properly consider Dr. Smith's June 2011 opinion, determine plaintiff's residual functional capacity based on all the evidence and, if applicable, determine if plaintiff has the residual functional capacity to perform any work. On remand, the ALJ shall consider treating physician Dr. Smith's opinion and provide specific and legitimate reasons supported by substantial evidence in the record if Dr. Smith's opinion is rejected.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 16) is denied;

3. The decision of the Commissioner of Social Security is reversed; and

4. This case is remanded for further proceedings consistent with this order.

Dated: September 13, 2013

DAD:6
Ddad1\orders.soc sec\ingraham0851.ord.docx

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error.

[3] Plaintiff has requested that this matter be remanded further proceedings. (Pl.'s MSJ (Doc. No. 15) at 36.)