1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DALENE LEE INGRAHAM,                    No.  2:12-cv-0851 DAD

12            Plaintiff,

13       v.                                  ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,
15

16            Defendant.

17

18        This matter is before the court on plaintiff's fully briefed motion for attorney's fees

19   pursuant to the Equal Access to Justice Act ("EAJA").

20        Plaintiff brought this action seeking judicial review of a final administrative decision

21   denying her application for Disability Insurance Benefits and Supplemental Security Income

22   under Title XVI of the Social Security Act.  On September 16, 2013, following the filing of a

23   motion for summary judgment by plaintiff and a cross-motion for summary judgment by

24   defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and

25   remanded the action for further proceedings.

26        On December 11, 2013, plaintiff filed her motion for attorney's fees.  (Dkt. No. 21.)  On

27   December 23, 2013, defendant filed a statement opposing plaintiff's motion, (Dkt. No. 22), and

28   on December 30, 2013, plaintiff filed a reply.  (Dkt. No. 23.)  In the reply, plaintiff's attorneys

1    updates their fee request to reflect that they are seeking a total n award of $8,239.10 based on

2    44.7 hours of attorney time expended on this action.  (Id. at 10.[1])

3         The EAJA provides that "a court shall award to a prevailing party . . . fees and other

4    expenses . . . incurred by that party in any civil action . . . brought by or against the United States

5    . . . unless the court finds that the position of the United States was substantially justified or that

6    special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v.

7    Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was

8    substantially justified or that special circumstances exist to make an award unjust."  Gutierrez v.

9    Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)

10        A "party" under the EAJA is defined as including "an individual whose net worth did not

11   exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The

12   term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

13   "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the

14   prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

15   resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§

16   2412(d)(1)(C) & 2412(d)(2)(D)).

17        A party who obtains a remand in a Social Security case is a prevailing party for purposes

18   of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has

19   ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence

20   four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .  "An

21   applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the

22   denial of her benefits is reversed and remanded regardless of whether disability benefits

23   ultimately are awarded."  Gutierrez, 274 F.3d at 1257.

24        Here, the court finds that plaintiff is the prevailing party.  In addition, the court finds that

25   plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million

26   dollars when this action was filed.  (Dkt. No. 3.)

27
─────────────────────
28   [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

2

1    In opposing plaintiff's pending motion defendant argues that the position taken by the

2    government in this action was substantially justified.  (Def.'s Opp.'n (Dkt. No. 22) at 3.)

3    However, in granting plaintiff's motion for summary judgment, the court found that the ALJ

4    improperly rejected the opinion of plaintiff's treating physician.  (Dkt. No. 18 at 6.)  In doing so

5    the court noted that the ALJ offered two reasons for rejecting the treating physician's opinion.

6    First, the ALJ found that the opinion of plaintiff's treating physician was not consistent with

7    plaintiff's course of treatment because that treatment had been allegedly "conservative."  (Id. at

8    5.)  This reason, as stated by the ALJ, however, was found by the court to be "vague and

9    conclusory."  (Id. at 6.)

10    The other reason offered by the ALJ for rejecting the opinion of plaintiff's treating

11    physician was the ALJ's finding that the opinion was purportedly "without substantial support

12    from the other evidence of record . . . ."  (Id. at 5.)  However, as noted by the court in the

13    September 16, 2013 order granting plaintiff's motion for summary judgment,

> [t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

18    (Id. at 6) (quoting Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)).  Here, the ALJ failed

19    to set forth his own interpretations and explain why they, rather than the treating physician's,

20    were correct.  See Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out

21    in the record his reasoning and the evidentiary support for his interpretation of the medical

22    evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague"

23    reasons for rejecting the treating physician's opinion do not suffice).

24    Accordingly, having found that the only two reasons offered by the ALJ for rejecting the

25    opinion of plaintiff's treating physician were flawed, the court found that the ALJ rejected the

26    opinion of a treating physician without a legitimate basis for doing so.  In arguing that the

27    government's position was, nonetheless, substantially justified, the defendant pours over the

28    administrative record offering potential reasons that could have supported the ALJ's decision.

3

1    (Def.'s Opp.'n (Dkt. No. 22) at 4-7.)  It is well established, however, that the court is required "to

2    review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not

3    post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."

4    Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009).  Rather, the

5    Commissioner's decision "must stand or fall with the reasons set forth in the ALJ's decision, as

6    adopted by the Appeals Council."  Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273,

7    1276 n. 2 (C.D Cal. 1996).  See also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990)

8    ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . . .")

9         Accordingly, the court also finds that the position of the government was not substantially

10   justified.  See Campbell v. Astrue, 736 F.3d 867, 869 (9th Cir. 2013) ("[T]his circuit has been

11   clear that when an agency's decision is unsupported by substantial evidence it is a strong

12   indication that the position of the United States is not substantially justified."); Meier v. Colvin,

13   727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's

14   litigation position and the underlying agency action giving rise to the civil action."); Thangaraja

15   v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("Indeed, it will be only a decidedly unusual case

16   in which there is substantial justification under the EAJA even though the agency's decision was

17   reversed as lacking in reasonable, substantial and probative evidence in the record."); Corbin v.

18   Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an

19   ALJ's procedural error does not automatically require a finding that the government's position

20   was not substantially justified, the defense of basic and fundamental errors such as the ones in the

21   present case is difficult to justify.").

22        The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. §

23   2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since

24   1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost

25   /////

26   /////

27   /////

28   /////

1   of living.[2]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir.

2   2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee

3   "'requires more inquiry by a district court than finding the product of reasonable hours times a

4   reasonable rate.'"  Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434

5   (1983) (internal citations omitted)).  The district court must consider "'the relationship between

6   the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S.

7   at 437).

8         Here, plaintiff's attorney obtained an order for a new hearing despite defendant's cross-

9   motion for summary judgment.  Moreover, after carefully reviewing the record and the pending

10  motion, the court finds the claimed 44.7 hours, while admittedly on the high end of the spectrum,

11  to be a reasonable amount of attorney time to have expended on this matter and the court declines

12  to conduct a line-by-line analysis of counsel's billing entries.  See, e.g., Stewart v. Sullivan, 810

13  F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL

14  4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL

15  623197, *4 (E.D. N.Y. Mar. 4, 2008).  While the issues presented in this case may have been

16  straightforward, 44.7 hours can be fairly characterized as well within the limit of what would be

17  considered a reasonable amount of time spent on this action when compared to the time devoted

18  to similar tasks by counsel in like social security appeals coming before this court.  See Boulanger

19  v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding

20  58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011

21  WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of

22  time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20,

23  2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-

24  0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a

25

26  [2]  In accordance with the decision in Thangaraja, 428 F.3d at 876-77, and Ninth Circuit Rule 39-
    1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates
27  authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.
    See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are at, or slightly below, the
28  statutory maximum rates established by the Ninth Circuit.

1  reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d

2  1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the

3  range most often requested and granted in social security cases."); cf. Costa v. Commissioner of

4  Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto

5  caps limiting the number of hours attorneys can reasonably expend on 'routine' social security

6  cases.").

7       Finally, plaintiff's motion includes a request that any EAJA fees awarded be paid directly

8  to plaintiff's attorney.  However, an attorney fee award under the EAJA is payable to the litigant

9  and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United

10  States by the claimant.  Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010).

11       Subsequent to the decision in Ratliff, some courts have ordered payment of the award of

12  EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees,

13  provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No. CIV 08-

14  1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-

15  0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-

16  01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV

17  09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in recently submitted

18  stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have

19  stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's

20  assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by

21  making the fees and expenses payable directly to counsel.  The court will incorporate such a

22  provision in this order.

23       Accordingly, IT IS HEREBY ORDERED that:

24       1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Dkt.

25  No. 21) is granted;

26       2. Plaintiff is awarded $8,239.10 in attorney fees under 28 U.S.C. § 2412(d); and

27       3. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject

28  to any offset permitted under the United States Department of the Treasury's Offset Program and,

1   if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall

2   cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment

3   executed by plaintiff.

4   Dated:  April 1, 2014

5

6
                                                          DALE A. DROZD
    DAD:6
7   Ddad1\orders.soc sec\ingraham0851.eaja.ord.docx         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28